BELL *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN·PRESIDING.

The act for the relief of insolvent debtors in actual custody, requires as a pre-requisite to obtain the relief it affords, if the applicant is a merchant or trader, that he deposit in court his books and accounts, along with his schedule.

EASTERN DIST.
*April,* 1839.

BELL
*vs.*
HIS CREDITORS.

So, where the debtor was a dealer in corn and hay, and had a small grocery store attached to his business, but kept no books or memorandums, except a small book in which he entered his purchases of corn, and he deposited none in court: *Held,* that although the law does not expressly require a merchant or trader to keep books, yet, to be entitled to its benefits, *he should* have and *deposit them* in court, for the inspection of his creditors.

This case comes before the court on the application of the plaintiff, an insolvent debtor, who is in actual custody or confinement, to be discharged under the provisions of the insolvent law of 1808. Several oppositions were made, but one ground of opposition was, that the insolvent, being a merchant or trader, had not deposited in court his books and accounts along with his schedule.

On hearing the testimony and circumstances of the case, the district judge presiding, was of opinion that the applicant was a trader, and that to entitle him to the benefit of the insolvent law in question, he must have kept books and deposited them in court for the inspection of his creditors. The application was refused and the insolvent debtor appealed.

*M'Kinney,* for the plaintiff and appellant.

*Randall, contra.*

*Martin, J.,* delivered the opinion of the court.

The insolvent is appellant from a judgment, which denies him the benefit of the act for the relief of insolvent debtors in actual custody. 1 *Moreau's Digest,* 567.

The relief was denied on the opposition of one of the creditors, on the suggestion that the insolvent was a trader, and had not complied with the requisition of the second section of the act, which requires that the insolvent " deposit in the office of the clerk of the court, all his books and accounts, (if he is a merchant or trader.")

The insolvent being examined on oath, declared, " he has been trading in the corn and hay business, and has kept a gro-

cery and small grog-shop attached to the same, within the
past year.   He kept no books or memorandums, except when
he bought a boat load of corn.   He kept an account of it in
a small book, which was of no use after the corn was pur-
chased, as the business for which it was used was then at an
end.   He kept no books or memorandum in the grocery.
He filed no documents in this court when he filed his sche-
dule   He says, that in trading, together with the business of
his grog-shop, he might have bought and sold in the course
of the year, something like twenty thousand dollars."

His counsel has contended, that no law imposes on a trader
the obligation of keeping books or accounts ; and the act,
the benefit of which he claims, requires only that a debtor,
who seeks the benefit of it, should file his books and ac-
counts ; that is to say, such books and accounts as he had
been keeping, if any.   So, a debtor, who has kept no books
or accounts, does not come within the purview of the section
relied on by the opposing creditor and appellee, that keepers
of grog-shops seldom, if ever, keep books.

It is true the law imposes on a trader no obligation of
keeping books or accounts.   In the case of *Andrews* vs. *His
Creditors*, 11 *Louisiana Reports*, 474, we held, that the act
under consideration could well impose on those who implore
the benefit of it, the condition that they should have ab-
stained from acts which, in the place of their residence, are
perfectly lawful and fair.   In the same manner, the act may
require, as a condition, that the applicant should have done
something which he was under no obligation to do ; thus,
although the law does not require that a trader should keep
books and accounts, it makes it a condition of his being
admitted to the relief which the insolvent seeks, that the
trader should have kept books and accounts, in order that by
depositing them with his schedule, in the office of the clerk,
he may convince his creditors and the court, that his dis-
comfiture is the result of untoward circumstances, and not of
dissipation, profligacy or fraud, by showing in what manner
the property which came to his hands was disposed of.

In the present case, the insolvent admits that he kept a

So, where the debtor was a dealer in corn and hay, and had a small grocery store attached to his business, but kept no books or memorandums, except a small book in which he entered his purchases of corn, and he deposited none in court: *Held*, that although the law does not express-ly require a mer-chant or trader to keep books, yet to be entitled to its benefits, he should have and deposit them in court, for the in-spection of his creditors.

small account book when he purchased a load of corn, which he considered as of no use, and which he did not preserve.

It appears to us, the court did not err in refusing the relief sought by the appellant on this ground of opposition ; there are others, which the view we have taken of the first, renders the examination unnecessary.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.